UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| WAYNE NICOLAISON, | Case No. 18-CV-0743 (JNE/TNL) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| WARREN MAAS, | |
| Defendant. | |

Plaintiff Wayne Nicolaison, an involuntary patient of the Minnesota Sex Offender Program ("MSOP"), has repeatedly and without success sought federal relief from his detention.  *See, e.g.*, *Nicolaison v. County of Hennepin*, No. 17-CV-4769 (JRT/DTS), 2018 WL 582476 (D. Minn. Jan. 29, 2018) (dismissing claims brought under 42 U.S.C. § 1983 as barred by *Heck*[1] doctrine); *Nicolaison v. Piper*, No. 16-CV-2777 (JRT/SER), ECF No. 20 (D. Minn. July 1, 2017) (dismissing habeas petition as unauthorized second-or-successive petition).  Nicolaison now returns to federal court again attacking the validity of the state-court commitment proceedings, this time alleging that he was denied effective assistance of counsel during those proceedings and seeking monetary relief pursuant to § 1983.

The claim is not viable.  First, Nicolaison has not adequately alleged a factual basis for his ineffective-assistance claim.  Second, even if he had, the claim would be barred by *Heck*.  Third, Nicolaison cannot seek non-monetary relief, such as release from

---

[1] *See Heck v. Humphrey*, 512 U.S. 477 (1994).

detention, because such a request can only be brought in a petition for a writ of habeas corpus, and Nicolaison has not been authorized by the Eighth Circuit Court of Appeals to again seek habeas corpus relief. *See* 28 U.S.C. § 2244(b). Accordingly, it is recommended that this action be dismissed without prejudice.

## I. BACKGROUND

> Wayne Nicolaison pled guilty to criminal sexual misconduct in 1980 and 1984, in each case for raping a woman at knifepoint — and having committed the latter crime while on parole for the first. He repeatedly harassed female prison staff during his incarceration. As a result of his psychopathic personality, he was civilly committed under the Minnesota Sex Offender Program in 1992.

*Nicolaison*, 2018 WL 582476, at *1 (citations omitted). Nicolaison has repeatedly challenged the validity of his civil commitment, both in state and federal court, but to no avail. *Id.* (collecting cases).

The present complaint marks Nicolaison's most recent attempt to cast doubt on the legality of that commitment. Nicolaison alleges that defendant Warren Maas was appointed by the State of Minnesota to represent him during the 1991-92 civil commitment proceedings. *See* Compl. ¶¶ 4-5 [ECF No. 1]. According to Nicolaison, Maas's representation fell below the constitutional standard in several respects, including through refusal "to call named witnesses or produce documents requested by [Nicolaison] in defense," *Id.* ¶ 6, and by instructing Nicolaison that "he had 'no right to remain silent'" during the commitment proceedings, *id.* ¶ 7. Nicolaison also alleges, as he has in previous actions, that his 1980 and 1984 convictions should not have been a basis for civil commitment under the statute then in effect at the time. *Id.* ¶ 15. Based on those

2

allegations, Nicolaison seeks $1 million in compensatory relief, along with "[a]ny other such relief Plaintiff is entitled." *Id*. at 5.

## II.  ANALYSIS

### A.  *Procedural Posture*

Nicolaison did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status.  *See* ECF No. 2.  Based on its review of the IFP application, this Court concludes that Nicolaison qualifies financially for IFP status.  That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S.

3

662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### B. Failure to State a Claim

Nicolaison's complaint fails for several reasons. The first is that he has failed to state a claim upon which relief may be granted.

"Only state actors can be held liable under Section 1983." *Carlson v. Roetzel v. Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (quotation omitted). A public defender, although employed by the state, does not generally act under color of state law during the performance of his adversarial role of representing a litigant opposed to the state. *See, e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 320-22 (1981). Because Maas could not have acted under color of state law in exercising independent professional judgment during the commitment proceedings, *id*. at 524, allegations of constitutionally deficient performance during those proceedings cannot give rise to liability under § 1983.

Nicolaison also alleges that Mass "acted in conspiracy" with prosecutors to ensure that the civil commitment would be effected. *See* Compl. ¶ 7. To be sure, an otherwise private actor may be regarded as an actor of the state if that actor is shown to be "a willful participant in joint activity with the State." *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005). But conclusory references to the existence of a conspiracy with the state are not enough at the pleading stage to establish that an otherwise private actor should be regarded as a state actor for purposes of § 1983. *See, e.g.*, *Magee v. Trustees of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1064

4

(D. Minn. Mar. 29, 2013). Nicolaison offers no substantive basis in his complaint upon which a factfinder could conclude that Maas and the State of Minnesota or its officers and employees reached a meeting of the minds towards the purpose of denying Nicolaison's constitutional rights.

Finally, even if Nicolaison had alleged sufficient facts upon which a factfinder could conclude that Maas is liable pursuant to § 1983, his claim is brought far too late. "If an affirmative defense . . . is apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal" for failure to state a claim upon which relief may be granted. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (quotation omitted). "[A]s the Eighth Circuit has repeatedly recognized . . . all § 1983 actions filed in Minnesota are subject to the six-year statute of limitations contained in the state's personal injury statute, Minn. Stat. § 541.05, subdivision 1(5)." *Anderson v. City of Minneapolis*, No. 16-CV-4114 (SRN/FLN), 2018 WL 1582262, at *9 (D. Minn. Mar. 30, 2018). The events at issue in the complaint (specifically, Maas's allegedly deficient performance) occurred in 1991 and 1992 — that is, well beyond the limitations period. *See* Compl. ¶¶ 4-5.

Nicolaison's claim is insufficiently pleaded, and it is too late. He has therefore failed to state a claim on which relief may be granted, and his complaint may be dismissed pursuant to § 1915(e)(2)(B)(ii).

### C. The Heck *Doctrine*

Even if Nicolaison had sufficiently pleaded his claim, and even if that claim were timely, this matter would nevertheless be subject to dismissal due to the doctrine set forth in *Heck*. In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87 (footnote and citation omitted). Put another way, a detainee cannot maintain a civil lawsuit that, if successful, would *necessarily* cast doubt upon the validity of his facially valid confinement.

Nicolaison, unlike the litigant in *Heck*, is not being held pursuant to a *criminal* judgment. Still, "the principles set forth in *Heck* are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence." *McHorse v. Minnesota*, No. 13-CV-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (citing, inter alia, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Banda v. New Jersey Special Treatment Unit Annex*, 164 Fed. App'x 286, 287 (3d Cir. 2006) (per curiam); *Coffman v. Blake*, 156 Fed. Appx. 863 (8th Cir. 2005) (per curiam)). Assuming for sake of this Recommendation that the constitutional right to effective assistance of

6

counsel extends to civil-commitment proceedings,[2] Nicolaison's ineffective-assistance claim necessarily casts doubt on the validity of his detention. The commitment proceedings by which Nicolaison was detained have never been deemed unlawful or invalid in any way. Until that day comes, Nicolaison cannot bring claims under § 1983 that cast doubt on the validity of his detention or the underlying commitment proceedings. Nicolaison's complaint is thus barred by *Heck*.

### D. Habeas Relief

Although Nicolaison primarily seeks monetary relief in this action, he also requests "[a]ny other such relief" he might be entitled. Compl. at 5. Assuming that among the "other such relief" sought by Nicolaison is release from his detention — i.e., habeas corpus relief — this Court notes that Nicolaison has unsuccessfully sought federal habeas corpus relief on several prior occasions. *See, e.g.*, *Nicolaison v. Piper*, No. 16-CV-2777 (JRT/SER), ECF No. 20 (D. Minn. July 1, 2017). Any renewed attempt would therefore be "second or successive" within the meaning of 28 U.S.C. § 2244(b). Unless and until Nicolaison receives authorization from the Eighth Circuit Court of Appeals, he may not seek habeas corpus relief from his civil commitment. *See* 28 U.S.C. § 2244(b)(3)(A).

---

[2] If Nicolaison was *not* constitutionally entitled to effective assistance of counsel during the civil-commitment proceedings, *see Pittman v. Jesson*, No. 11-CV-2973 (SRN/TNL), 2013 WL 375569, at *8 (D. Minn. Jan. 9, 2013), then his § 1983 claim necessarily fails, as neither Maas nor anyone else could have violated Nicolaison's constitutional rights through the alleged failure to provide ineffective assistance.

*E. Conclusion*

For those reasons, this Court recommends dismissal of this action without prejudice. Because Nicolaison's claim is futile, it is further recommended that his motion for appointment of counsel [ECF No. 3] be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* ("IFP") of plaintiff Wayne Nicolaison [ECF No. 2] be DENIED.

3. Nicolaison's motion to appoint counsel [ECF No. 3] be DENIED.

Dated: April 13, 2018                    *s/Tony N. Leung*_____
                                          Tony N. Leung
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).