UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wayne Nicolaison,

      Plaintiff,

v.                                    Civil No. 18-743 (JNE/TNL)
                                      ORDER

Warren Maas,

      Defendant.

Plaintiff is an involuntary patient of the Minnesota Sex Offender Program. ECF No. 1. He filed this action against Defendant under 42 U.S.C. § 1983. *Id.* He also applied to proceed *in forma pauperis* and moved for the appointment of counsel. ECF Nos. 2, 3.

In the Complaint, Plaintiff states that Defendant represented Plaintiff in his civil commitment proceedings from 1991 to 1992. Plaintiff argues that Defendant conspired "with [the] Hennepin County prosecutor's office to indefinitely commit/confine Plaintiff in violation of [his] due process right to remain silent [during the] psychiatric interviews" used as a part of the commitment process. ECF No. 1.

In a Report and Recommendation ("R&R") dated April 13, 2018, the Honorable Tony N. Leung, United States Magistrate Judge, recommended (1) that the Court dismiss this action without prejudice, (2) that the Court deny the application to proceed *in forma pauperis*, and (3) that the Court deny the motion to appoint counsel. ECF No. 4.

The R&R lists multiple, alternative grounds for dismissal. First, the R&R finds that the Complaint fails to state a claim upon which relief can be granted. ECF No. 4; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 8; Fed. R. Civ. P. 12(b)(6). The R&R cites two independent reasons for this failure: (1) a six-year statute of limitations bars Plaintiff's § 1983 claim and (2) Defendant cannot be liable under § 1983, because Plaintiff fails to plead facts establishing that Defendant acted under color of law when representing Plaintiff, as required for liability under § 1983. ECF No. 4. Second, the R&R finds that the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Plaintiff's claim and requires dismissal. *Id.* Third, although Plaintiff did not request release from detention, the R&R concludes that, insofar as Plaintiff intended this request, the request amounts to a second or successive habeas corpus petition requiring authorization from the Eighth Circuit. Plaintiff sought no authorization. And so the Court must dismiss any such petition. *Id.*

Plaintiff objects to the R&R. ECF No. 5. The Court deciphers one specific objection. Plaintiff argues that the limitations period has not expired on his claim. ECF No. 5 at 7. But even if the R&R erred in concluding that the statute of limitations bars Plaintiff's claim, the R&R offered additional grounds for dismissal. Plaintiff did not object to these additional grounds. And each warrants dismissal. Accordingly, after a review of the record, the Court adopts the recommended disposition. *See* D. Minn. LR 72.2. IT IS ORDERED THAT:

1. This action [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's application to proceed *in forma pauperis* [ECF No. 2] is DENIED.

3. Plaintiff's motion to appoint counsel [ECF No. 3] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 9, 2018

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge